IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JUANITA STALLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:11cv944-SRW |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff appeals the Commissioner's final decision denying plaintiff's application for disability benefits under Title II of the Social Security Act. The parties have consented to proceeding before the undersigned Magistrate Judge. (Doc. ## 9, 10). Plaintiff asserts that the ALJ erred[1] by giving "great weight" to the opinion expressed by Michelle Warren, a single decision-maker ("SDM"), as to plaintiff's residual functional capacity; she contends that this error is not harmless and requires that the Commissioner's decision be reversed. (Doc. # 14). The Commissioner agrees that "it was not appropriate to give the disability examiner's assessment weight," but contends that plaintiff has not shown that the error was harmful. (Doc. # 17, p. 9).[2]

---

[1] The Appeals Council denied review (R. 1-5) and, thus, the ALJ's decision is the final decision of the Commissioner.

[2] See SSR 06-03p, 2006 WL 2329939 at *2 ("only 'acceptable medical sources' can give us medical opinions")(citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)); POMS DI 24510.050 (physical RFC forms completed by the single decision-maker ("SDM") "are not opinion evidence at the appeal levels").

In reaching his RFC finding, the ALJ provided a thorough summary of plaintiff's records of treatment over a period of several years. (R. 17-25). He assigned weight to the opinion evidence as follows:

> As for the opinion evidence, I afford great weight to the opinion of the state agency disability specialist, who reviewed the record in December 2008, and concluded that the claimant could perform sublight work (Exhibit 6F). As indicated above, the opinion expressed on the form completed by the nurse in September 2009, which was countersigned by the claimant[']s primary care doctor, is entitled to no weight (Exhibit 11F).

(R. 25).

The "harmless error" doctrine applies to review of the Commissioner's decisions[3] and, as the Commissioner argues, the plaintiff bears the burden of demonstrating that an error is harmful.[4] Plaintiff argues that, because the opinion the ALJ rejected (Exhibit 11F) is the only "record opinion from an acceptable medical source" regarding plaintiff's functional limitations, it is reasonable to infer that the ALJ relied on the SDM opinion to which he had given "great weight" in reaching his RFC finding; therefore, she contends, the error is not harmless. (Doc. # 14, p. 11). The Commissioner responds that "Plaintiff cannot show that this error was harmful because the ALJ did not rely exclusively on the disability examiner's assessment." (Doc. # 17, p. 9). Despite the ALJ's assignment of "great weight" to the SDM's

---

[3] See Diorio v. Heckler, 721 F.2d 726 (11th Cir. 1983)(finding ALJ's misstatement of facts relating to vocational factors to be harmless, where those factors were irrelevant because the ALJ had found no severe impairment).

[4] Shinseki v. Sanders, 556 U.S. 396, 409 (2009)("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").

opinion, the Commissioner contends that "[m]ost significant to the ALJ's determination in this case was the medical evidence." (Id., p. 10). The Commissioner argues that the ALJ's decision "makes clear that he would have reached the same outcome even without consideration of the disability examiner's assessment" (id., p. 9) and that "[a]ny notion that Plaintiff was 'disabled' is belied by the medical record which was devoid of diagnostic and clinical findings that suggested greater limitations than found by the ALJ" (id., p. 10). Thus, the Commissioner's contention is that the SDM's opinion was not significant to the ALJ's conclusion because the medical evidence of record does not support a finding of disability. In other words, the Commissioner invites the court to re-weigh the evidence that was before the ALJ (excluding the SDM's opinion, which is not entitled to any evidentiary weight) and find that the claimant is not disabled. The "harmless error" doctrine does not require or allow this court to do as the Commissioner asks.

While an ALJ's consideration of an SDM opinion may very well be harmless in some cases – for example, where the SDM opinion is substantially similar to an opinion of record from an acceptable medical source,[5] or the ALJ's opinion makes clear that he did not give the SDM opinion much weight[6] – this is not such a case. As plaintiff points out, there is no medical source opinion of record other than the one rejected by the ALJ, and the ALJ gave

---

[5] Cf. Pichette v. Barnhart, 185 Fed. Appx. 855, 856 (11th Cir. 2006)(ALJ's consideration of unsigned psychological report, even if error, was harmless were it was "cumulative to other psychological evidence presented to the ALJ").

[6] See e.g., Carter v. Astrue, 2012 WL 2135471, *4 (M.D. Ala. Jun. 13, 2012).

the SDM's opinion great evidentiary weight.  Taking the ALJ at his word, the court cannot conclude that the SDM's opinion did not affect the ALJ's RFC formulation.  If it affected his RFC formulation in any respect, it necessarily affected his step five conclusion, which rested on vocational expert testimony regarding other jobs plaintiff can perform with the specified RFC.  (See R. 26-27).

This case presents the converse of the situation before the Eleventh Circuit in Nyberg v. Commissioner of Social Security, 179 Fed. Appx. 589 (11th Cir. 2006).  In that case, the ALJ failed to consider evidence he is required to consider – the opinion of the claimant's treating physician.  The Commissioner argued that any such error was harmless because, "even if the ALJ had considered [the treating doctor's] opinion, the outcome of the case could not reasonably have changed." Id. at 592.  The Eleventh Circuit reasoned:

> The instant case ... is not one where the unmentioned physician's opinion merely supported the ALJ's conclusion, and was thus unnecessary. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 547 (6th Cir. 2004).  On the contrary, the potential impact of Dr. Trowbridge's opinion is strongly and reasonably disputed by the parties.  Thus, *we cannot say that the failure to address Dr. Trowbridge's opinion was harmless without re-weighing the evidence and engaging in conjecture that invades the province of the ALJ*. See Moore [v. Barnhart, 405 F.3d 1208, 1214 (11th Cir. 2005)](stating that, where ALJ failed to consider certain factors and indicate their impact on his ultimate conclusion as to claimant's residual functional capacity, we "[could not] even evaluate the Commissioner's contention that the ALJ's error was harmless"); Wiggins [v. Schweiker, 679 F.2d 1387, 1390 (11th Cir. 1982)](remanding where we were "unable to determine whether the ALJ applied the proper legal standard and gave the treating physician's evidence substantial or considerable weight or found good cause not to do so")[.]

(Id.)(footnotes omitted; emphasis added).  While "an estimation of the likelihood that the

4

Case 3:11-cv-00944-SRW Document 22 Filed 12/17/13 Page 5 of 5

result would have been different" is relevant to the harmless error analysis, so is "an awareness of what body (jury, lower court, administrative agency) has the authority to reach that result[.]" Sanders, 556 U.S. at 411.[7] This court cannot find that the ALJ's error in giving "great weight" to the SDM's opinion was harmless "without re-weighing the evidence and engaging in conjecture that invades the province of the ALJ." Nyberg, 179 Fed. Appx. at 592. Whether the court would reach the same ultimate conclusion after re-weighing the evidence is beside the point.[8]

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is due to be reversed. A separate judgment will be entered.

DONE, this 17th day of December, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[7] In Allen v. Barnhart, 357 F.3d 1140 (10th Cir. 2004), the Tenth Circuit rejected the Commissioner's argument that an ALJ's failure to make a required finding of fact – that one hundred of a particular job was "a substantial number" – was harmless error because "the missing fact was clearly established in the record." Id. at 1145. While the particular error before this court differs from that in Allen, the Tenth Circuit's reluctance to expand the harmless error doctrine was informed by general concerns also relevant here – *i.e.*, that courts should not "obscure the important institutional boundary" by usurping the administrative tribunal's fact-finding responsibility, or engage in "*post hoc* justification of administrative action[.]" Id.

[8] The court expresses no opinion regarding the conclusion the Commissioner should reach upon reevaluation of the medical evidence.